IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CAROL HALL,

        Plaintiff,

   v.

NATIONAL CITY BANK,

        Defendant.

Case No. 2:07-CV-168

JUDGE GREGORY L. FROST

Magistrate Judge Norah McCann King

**OPINION AND ORDER**

This is an employment action in which plaintiff asserts claims under the ADEA and O.R.C. §4112.02 relating to her employment by defendant in Montgomery County, Ohio. *See Complaint* ¶4. This matter is now before the Court on plaintiff's *Motion for Change of Venue*, Doc. No. 10, in which plaintiff asks that the action be transferred from this seat of court to the western division of this Court, in Dayton.

Plaintiff filed the complaint in this action in this Court on February 28, 2007. Doc. No. 2. Plaintiff's motion to change venue was filed on July 2, 2007. Plaintiff does not contend that venue in this Court is improper; indeed, the complaint affirmatively alleges that venue is proper under 28 U.S.C. § 1391(b). *Complaint* ¶ 4. This Court will therefore consider plaintiff's motion by reference to the standards of 28 U.S.C. § 1404(a).

Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 42 U.S.C. § 1404(a). "A motion for change of venue is properly granted when the balance weighs 'strongly in favor of transfer.'" *Centerville Alf, Inc. v.*

*Balanced Care Corp.*, 197 F. Supp.2d 1039, 1049 (S.D. Ohio 2002) (quoting *Nicol v. Koscinski*, 188 F.2d 537 (6th Cir. 1951)).

Plaintiff requests a change of venue, explaining that she "inadvertently" filed the action in this seat of court rather than in the western division, which serves Montgomery County, Ohio. S.D. Ohio Civ. P. 82.1(b).  Defendant opposes the motion, arguing, *inter alia*, that the convenience of the parties and witnesses militates in favor of maintaining this action in this seat of court, that transfer of the action would not serve the interest of justice and that plaintiff's request is in the nature of forum shopping. *See generally, Defendant National City Bank's Memorandum in Opposition to Plaintiff's Motion for Change of Venue* ("*Defendant's Opposition*"), Doc. No. 11.  This Court agrees.

First, the convenience of the parties and witnesses is best served by maintaining this action in this seat of court. Defendant has a large corporate presence in Columbus, Ohio, and, defendant contends, several individuals from its human resources department, whose testimony is relevant to this case, are located closer to Columbus than to Dayton. *Id.* at 3.  In addition, plaintiff resides in Millersport, Ohio, *see Complaint*, Doc. No. 2, which is served by the eastern division of this Court.  S.D. Ohio Civ. R. 82.1(b).

Second, plaintiff having filed the action in this seat of court, defendant will suffer unfair prejudice should the matter now be transferred to the western division.  Defendant is now represented by counsel located in Columbus, Ohio.  *See Answer,* Doc. No. 3.  Defendant represents that it would have retained counsel in Dayton had this matter been filed there originally.  *Defendant's Opposition.*  Should the action be transferred as requested by plaintiff, defendant would incur additional costs resulting either from its counsel's travel to Dayton or its

2

retention of new counsel –  perhaps located in Dayton but certainly unfamiliar with the case.

Third, the timing of plaintiff's motion suggests that plaintiff is, at best, careless and, at worst, engaged in forum shopping. Plaintiff's motion was filed more than four months after the initial filing of the action and only after a preliminary pretrial conference was held and pretrial and trial schedules were issued.  *See Preliminary Pretrial Order*, Doc. No. 7; *Scheduling Order*, Doc. No. 8; *Notice of Final Pretrial and Trial*, Doc. No. 9.

Under these circumstances, the Court concludes that the interest of justice does not warrant the requested transfer of the action to the western division of this Court.

**WHEREUPON** plaintiff's *Motion for Change of Venue*, Doc. No. 10, is **DENIED**.


August 31, 2007                                              */s/Norah McCann King*
Date                                                                  Norah McCann King
                                                                         United States Magistrate Judge